IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-02085-CMA-SKC

VYANET OPERATING GROUP, INC.,

    Plaintiff,

v.

FREDERICK J. MAURICE, and
CHRISTOPHER A. HEATH,

    Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the August 3, 2022 Recommendation of United States Magistrate Judge (Doc. # 67), wherein Judge S. Kato Crews recommends this Court grant in part and deny in part Defendants' Motion to Dismiss (Doc. # 20). Plaintiff Vyanet Operating Group, Inc. ("Vyanet") timely filed a partial objection to the portion of the Recommendation that recommends dismissal of Vyanet's false representation and fraudulent concealment claims. (Doc. # 71.) For the following reasons, the Court sustains Vyanet's objection, affirms and adopts in part and rejects in part the Recommendation, and denies Defendants' Motion to Dismiss.

I.     **BACKGROUND**

The factual background of this case is set out at length in Judge Crews's Recommendation, which the Court incorporates herein by reference. *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only the facts necessary to address Vyanet's objection to the Recommendation.

This case arises out of Vyanet's acquisition of Mountain Acquisition Company, LLC ("MAC"). Vyanet and MAC's former majority owners, Defendants Frederick J. Maurice and Christopher A. Heath, were parties to an LLC Membership Purchase Agreement ("Agreement") through which Vyanet acquired all membership interests in MAC on February 1, 2019. (Doc. # 24 at ¶¶ 1, 46.) Vyanet alleges that Defendants induced Vyanet to close the deal by warranting at the time of closing that MAC's balance sheets fairly presented the financial condition of the company, MAC's books were complete and accurate, and MAC had disclosed a complete and accurate list of accounts, among other representations. (*Id.* at ¶¶ 25–39, 60, 91, 94–95, 107.) After closing on the purchase, Vyanet discovered that Defendants "had breached numerous warranties" contained in the Agreement "and had concealed numerous material facts prior to purchasing and closing," including that a significant number of accounts had been cancelled because of the Camp Fire in California in November of 2018. (*Id.* at ¶¶ 47–48.) Because Defendants provided MAC's books to Vyanet prior to the Camp Fire and did not inform Vyanet in the interim period that accounts had closed and the books were no longer accurate, the closing went forward as though MAC's recurring monthly revenue was unchanged since November 2018. (*Id.* at ¶¶ 61–62.) The parties engaged in unsuccessful efforts to resolve the dispute, including attempting to negotiate a total price reduction and entering into a second agreement to sell membership interests to a separate buyer ("First Addendum"). (*Id.* at ¶¶ 72–78.)

In its Amended Complaint, Vyanet asserts claims for breach of contract relating to both the Agreement and the First Addendum, false representation, and fraudulent nondisclosure or concealment. *See generally* (Doc. # 24.) In the alternative to its breach of contract claims, Vyanet alleges a claim for unjust enrichment. (*Id.* at ¶¶ 109–114.) Defendants filed the instant Motion to Dismiss (Doc. # 20) on September 3, 2021. Therein, Defendants argue that Vyanet's claims for false representation and fraudulent nondisclosure or concealment are barred as a matter of law by the economic loss rule. In addition, Defendants move to dismiss Vyanet's breach of contract and unjust enrichment claims pursuant to Fed. R. Civ. P. 12(b)(6).

Judge Crews issued his Recommendation on August 3, 2022. (Doc. # 67.) Vyanet timely filed a partial objection (Doc. # 71), and Defendants filed a response (Doc. # 77).

## II.     LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

### III.  DISCUSSION

### A.  CLEAR ERROR REVIEW

As an initial matter, the Court notes that no party has objected to the portions of the Recommendation wherein Judge Crews recommends denying Defendants' Motion to Dismiss as to Vyanet's breach of contract and unjust enrichment claims. In so recommending, Judge Crews determined that Vyanet plausibly alleged breach of contract claims relating to the Agreement and the First Addendum, along with a viable unjust enrichment claim in the alternative. (Doc. # 67 at 12–14.)

The Court has reviewed the relevant pleadings concerning the above claims as well as the Recommendation. Based on this review, the Court concludes that Judge Crews's analyses and recommendations are correct, and there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(a); *Summers*, 927 F.2d at 1167. Therefore, the Court affirms and adopts the applicable portions of the Recommendation and denies Defendants' Motion to Dismiss (Doc. # 20) with respect to Vyanet's breach of contract and unjust enrichment claims.

### B.  *DE NOVO* REVIEW

Judge Crews recommends granting Defendants' Motion to Dismiss with respect to Vyanet's false representation and fraudulent nondisclosure or concealment claims because such claims are barred by the economic loss rule. (Doc. # 67 at 8–11.) Application of the economic loss rule is a question of law, and claims barred by this rule

4

may properly be dismissed under Fed. R. Civ. P. 12(b)(6). *McNees v. Ocwen Loan Servicing, LLC*, 853 F. App'x 211, 215 (10th Cir. 2021) ("To survive a motion to dismiss based on the economic loss rule, [a party] merely has to allege sufficient facts, taken in the light most favorable to him, that would amount to the violation of a tort duty that is independent of the contract.").Vyanet objects to the Recommendation on the basis that Judge Crews's analysis is inconsistent with recent Tenth Circuit and Colorado Supreme Court precedent suggesting that Colorado's economic loss rule does not bar claims for intentional torts, including common law fraud. (Doc. # 71.) Upon reviewing the matter, the Court sustains the objection because it agrees with Vyanet that the legal landscape of the economic loss rule has shifted.

The economic loss rule is broadly intended "to maintain a distinction between contract and tort law." *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1262 (Colo. 2000). As such, Colorado's economic loss rule provides that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Id.* at 1264. However, in *Alma*, the Colorado Supreme Court recognized that "certain common law claims that sound in tort and are expressly designed to remedy economic loss may exist independent of a breach of contract claim" and cited common law fraud as such an example. *Id.* at 1263. In those situations, the economic loss rule does not bar a plaintiff's tort claim. *Id.*

After *Alma*, some divisions of the Colorado Court of Appeals determined that the economic loss rule barred fraud claims where the alleged tort duties did not differ from

5

duties implicated in the contract. *See Top Rail Ranch Ests., LLC v. Walker*, 327 P.3d 321, 328–29 (Colo. App. 2014); *Former TCHR, LLC v. First Hand Mgmt. LLC*, 317 P.3d 1226, 1232–33 (Colo. App. 2012). However, the Colorado Supreme Court recently revisited the economic loss rule in *Bermel v. BlueRadios, Inc.*, 440 P.3d 1150 (Colo. 2019). In *Bermel*, the court observed that "since adopting the economic loss rule, we have applied it only to bar common law tort claims of negligence or negligent misrepresentation." *Id.* at 1155. The court continued in a footnote that "the economic loss rule generally should not be available to shield intentional tortfeasors from liability for misconduct that happens to also breach a contractual obligation." *Id.* at 1154 n.6.

Since *Bermel*, courts in this district have reconsidered whether fraud and other intentional tort claims may properly be barred by the economic loss rule. *See W. State Bank v. Cosey, L.L.C.*, No. 19-cv-01155-JLK, 2019 WL 5694271, at *4 (D. Colo. Nov. 4, 2019) (concluding that under *Bermel*, the economic loss rule would not bar plaintiff's fraud claim because the claim alleges an intentional tort); *see also Mcwhinney Holding Co., LLLP v. Poag*, No. 17-cv-02853-RBJ, 2019 WL 9467529, at *3 (D. Colo. Dec. 9, 2019) (determining that "[t]he *Bermel* decision constitutes an intervening change in controlling law" and granting plaintiffs' motion to reconsider the court's order concluding that the economic loss rule barred plaintiffs' fraudulent concealment, misrepresentation, and civil conspiracy claims). *But see IIT, Inc. v. Commc'ns. Distribs., LLC*, No. 20-cv-01580-RM-STV, 2021 WL 5240287, at *18 n.7 (D. Colo. Oct. 7, 2021) (considering *Bermel* and concluding that plaintiff's tortious interference claim, although an intentional tort, was barred by the economic loss rule because plaintiffs alleged no improper

conduct unrelated to the existence of the contract), *recommendation aff'd and adopted*, 2021 WL 5867098 (D. Colo. Dec. 10, 2021).

In *In re Bloom*, 2022 WL 2679049 (10th Cir. July 12, 2022), the Tenth Circuit recently addressed the question of whether common law fraud and fraudulent concealment claims are outside the scope of the economic loss rule. The court noted that the Colorado Supreme Court "suggested" in *Bermel* that it was "not the proper understanding of the economic loss rule" to apply the rule to bar claims for intentional torts such as fraud because such claims "generally arise from duties independent of contracts." *Id.* at *3. Acknowledging that it "must attempt to determine how the Supreme Court would rule" in light of *Bermel*, the Tenth Circuit concluded that "common law fraud and fraudulent concealment claims are both tort claims that arise independent of a contract, so they would not be barred by the economic loss rule." *Id.* at *4.

In the wake of this recent precedent, the Court concludes that the Recommendation erred in determining that Vyanet's false representation and fraudulent nondisclosure or concealment claims are barred by the economic loss rule. The Court agrees with *Bloom* that "[w]ithout an express waiver of damages from fraud, the economic loss rule does not bar these intentional tort claims." 2022 WL 2679049, at *4. Moreover, Vyanet alleges that Defendants made false representations and concealed facts "to induce" Vyanet to enter into the Agreement to its detriment. (Doc. # 24 at ¶¶ 95, 107.) Such claims are not subject to dismissal because it is established that "[a] claim for fraud in the inducement of a contract is not barred by the economic loss rule." *McNees*, 853 F. App'x at 215; *see Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603,

607 (Colo. 2016) ("Van Rees's tort claims are based on misrepresentations made prior to the formation of the contracts, which he alleges induced him to enter into the contracts and therefore violated an independent duty in tort to refrain from such conduct. As such, the claims are not barred by the economic loss rule.").

For these reasons, the Court rejects the portion of the Recommendation regarding Vyanet's false representation and fraudulent nondisclosure or concealment claims. The Court finds that Vyanet has alleged sufficient facts to establish a violation of a tort duty that is independent of the Agreement. Accordingly, its fraud and fraudulent concealment claims are not subject to dismissal on the basis of the economic loss rule.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that the August 3, 2022 Recommendation of United States Magistrate Judge (Doc. # 67) is AFFIRMED AND ADOPTED IN PART and REJECTED IN PART. It is ADOPTED as to its recommendation to deny Defendants' Motion to Dismiss with respect to Plaintiff's breach of contract and unjust enrichment claims. It is REJECTED as to its recommendation to grant Defendants' Motion to Dismiss with respect to Plaintiff's false representation and fraudulent nondisclosure or concealment claims. It is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 20) is DENIED.

DATED:  September 2, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge