IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No.: 1:21-cv-02085-CMA-SKC

VYANET OPERATING GROUP, INC., an Oregon corporation,

      Plaintiff,

v.

FREDERICK J. MAURICE and
CHRISTOPHER A. HEATH,

      Defendants.

## ORDER RE: CAPITAL ONE SUBPOENAS

Before the Court is a discovery dispute the parties raised in accordance with this Court's Civil Practice Standards. The parties briefed their dispute in a Joint Discovery Dispute Report Re: Capital One Subpoenas. Dkt. 61.[1] The Court has carefully considered the parties' arguments and applicable law and issues this order to resolve the discovery dispute. The Court construes this dispute as a Motion to Quash by Vyanet. *See id.* at pp.4-5.

---

[1] The Court uses "Dkt. ___" to refer to docket entries in CM/ECF.

1

### A. Background

This case arises from Vyanet's acquisition of Mountain Acquisition Company, LLC ("MAC") from Defendants, the former majority owners. On November 27, 2017, Vyanet and Defendants signed an LLC Membership Purchase Agreement ("Agreement") through which Vyanet agreed to purchase 100% of the ownership units in MAC from Defendants and other minority owners. The parties executed two subsequent addendums to the Agreement, with the deal closing effective February 1, 2019.

Vyanet's remaining claims are for breach of contract, false representation, fraudulent nondisclosure or concealment, and unjust enrichment. As Senior Judge Arguello previously noted, the central dispute in this case arises from the Camp Fire and its effect on associated accounts involved in the valuation of MAC. Dkt. 110 at p.6. In relevant part, the parties dispute whether Defendants adequately updated MAC's books and records before closing to reflect the cancellation or inactivation of any Camp Fire affected accounts; whether Vyanet had knowledge of the Camp Fire or access to all information relating to Camp Fire affected accounts prior to closing as part of its due diligence investigation; and whether Vyanet had sufficient access to information regarding Camp Fire affected accounts in the 120 days after closing to request a purchase price adjustment pursuant to Section 1.6 of the Agreement.

## B. Analysis

Federal Rule of Civil Procedure 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (iv) subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, the scope of discovery under a subpoena is the same as the scope of discovery under Federal Rule of Civil Procedure 26(b). To that end, the scope of discovery in federal court under Rule 26(b) is broad; the Rule permits discovery of any nonprivileged matter that is relevant to any party's claim or defense, while the proportional needs of the case further tailors the scope of discovery. Fed. R. Civ. P. 26(b)(1).

Considering that Vyanet seeks to quash subpoenas served on Capital One, in this district, a party has no standing to quash a subpoena served on a third party unless a claimed privilege or privacy interest is implicated. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo.1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993); *Howard v. Segway, Inc.*, No. 11–CV–688–GFK–PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) ("Generally, absent a claim of privilege, personal interest or

proprietary interest, a party lacks standing to quash a subpoena served on a third party.").

Vyanet claims its privacy interests are implicated by the Capital One subpoenas because they seek its private financial information. The Court agrees and finds Vyanet has standing to seek to quash the subpoenas on this basis. *See Srebnik v. Dean*, No. 05-CV-01086-WYD-MJW, 2007 WL 201254, at *1 (D. Colo. Jan. 24, 2007). When a privacy interest is involved, courts typically weigh one party's right to discovery against the other party's privacy interests. *See, e.g., Pappas v. Frank Azar & Assocs.*, P.C., No. 06-cv-01024-MSK-BNB, 2007 WL 1549037, at *4 (D. Colo. May 25, 2007) (suggesting the magistrate judge properly balanced defendant's privacy interests with plaintiff's need for the information); *Aguilar v. Aramark Corp.*, 1998 WL 36030448, at *1 (D.N.M. Aug. 6, 1998) ("While the federal rules provide for broad and liberal discovery, the Court is mindful of the need to balance one party's right of discovery with the opposing party's right of privacy and right to be free from an intrusive and burdensome examination into private matters.").

As a threshold matter, the Court considers whether the information sought by the Capital One subpoenas is relevant to the claims or defenses in this case. Defendants argue the information sought by these subpoenas is relevant to Vyanet's breach of contract and fraud-based claims because those claims are "largely based on

the quality of the information related to MAC that Vyanet had access to."[2] Dkt. 61 at p.14. They argue the documents and testimony sought "relate precisely to the completeness and accuracy of MAC's books and records, and Vyanet's satisfaction with and ability to review the same." *Id.* at p.15. They contend, for example, that the borrowing base certificates "will provide relevant information as to the recurring monthly revenue data that Vyanet reports to its lender, and has reported to its lender since its purchase of MAC, and will reveal whether Vyanet reviewed and represented the completeness and accuracy of these records month after month." *Id.* And similarly,

> the requested loan applications and documentation related to Capital One's consideration of the same, as well as communications between Vyanet and Capital One related to the acquisition of MAC, will reveal the statements that Vyanet made to its lender regarding its understanding of MAC's business and the quality of the business, or conversely, any issues with the business, including the quality of or issues with MAC's books and records.

*Id.* at pp.15-16. As a result, "Defendants *reasonably expect* that this information will be relevant to Vyanet's breach of contract and fraud-based claims in a number of ways." *Id.* at p.12 (emphasis added).

After carefully considering these arguments, the Court finds the broad swath of information sought by the subpoenas has only marginal relevance, if any, to the claims or defenses; therefore, Vyanet's privacy interests outweigh Defendants'

---

[2] Defendants have not argued the information sought is relevant to Vyanet's credibility.

claimed need for the information. *See Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007) (when relevance is not apparent on the face of the request, the proponent of discovery must explain how it is relevant).

First, as mentioned, Vyanet's claims include breach of contract, false representation, fraudulent nondisclosure or concealment, and unjust enrichment. Generally, Vyanet alleges Defendants (1) failed to disclose various information, (2) provided some information in a useless format(s), and (3) falsely represented the accuracy of other information provided. Vyanet's claims for relief concern Defendants' acts and omissions vis-à-vis Vyanet, not Vyanet's acts and omissions vis-à-vis its lender. A jury in this case will be presented with evidence of Defendants' alleged false representations, the facts Defendants allegedly concealed, and the state of the records Defendants provided Vyanet, to determine whether those facts bear out Vyanet's fraud and breach of contract claims. Even assuming Vyanet portrayed a rosier picture of the state of affairs to its lender, those representations to the lender would not make Defendants' alleged fraud or breach of contract more or less probable. Fed. R. Evid. 401. Case in point, Defendants argue that "the loan agreements will set forth Vyanet's obligations in relation to the MAC transaction, including the calculations and representations it is required to make *to its lender* related to MAC[.]" Dkt. 61 at p.16 (emphasis added). But Vyanet's obligations to its lender regarding the MAC transaction are not at issue in this case.

6

Second, to the extent Defendants impliedly argue this information is relevant to Vyanet's due diligence, it still lacks relevance in the Court's view. Black's Law Dictionary defines "due diligence" as "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." Black's Law Dictionary (11th ed. 2019). The focus, therefore, is on Vyanet's discharge of its due diligence obligations under its Agreement (and related documents) with Defendants, not on the discharge of its obligations—due diligence or otherwise—under its lending arrangement with Capital One, which could differ in material respects.

Third, discovery from third parties must, under most circumstances, be closely regulated. *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998). When seeking discovery from a nonparty, the requesting party "must meet a burden of proof heavier than the ordinary burden imposed under Rule 26." *Id*. Courts are required to balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials, and the status of a person or entity as a nonparty is a factor which weighs against disclosure.[3] *Id*. Given the lack

---

[3] While Vyanet has raised the arguable burden the subpoenas would impose on Capital One, even where a party has standing to quash a subpoena based on a privacy or personal interest, they lack standing to object based on undue burden. *See Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, it still lacks standing to object on the basis of undue burden."); *Malibu Media, LLC v. John Does 1–15*, No. 12–2077, 2012 WL 3089383, at *8 (E.D.

7

of relevance of the information sought by the subpoenas, Defendants have failed to meet this heavier burden.

Finally, the information sought by the subpoenas does not fit the proportional needs of the case—it has low importance to resolving disputed issues. Fed. R. Civ. P. 26(b)(1). This is in part based on its lack of relevance and overbreadth, but also because the information sought lends itself to a mini trial on Vyanet's obligations to its lender; the representations it made to its lender; the reasons for (and accuracy of) those representations; and whether those representations were consistent with its obligations under the applicable lending arrangement. *See Marianist Province of the United States, Inc. v. Century Indem. Co.*, No. 08-CV-01760-WYD-MEH, 2010 WL 4394251, at *2 (D. Colo. Oct. 28, 2010) (denying motion to compel discovery into other insurance claims files because "[t]his is the essence of the mini-trial scenario that the judiciary endeavors to avoid."); *ClearOne, Inc. v. RSM US LLP*, No. 2:16-CV-00736-DN-DBP, 2017 WL 6496447, at *2 (D. Utah Dec. 18, 2017) ("[T]he material sought invites speculation about whether RSM has committed other bad acts related to other clients . . . [and] the discovery will further confuse the issues in this case because the court will be forced to conduct mini trials about whether other related incidents involving RSM's alleged lack of independence had merit.")

---

Pa. July 30, 2012) ("Defendant is not faced with an undue burden because the subpoena is directed at the internet service provider and not the Defendant.").

For these reasons, the Motion to Quash is GRANTED and Defendants are precluded from obtaining the information sought by both subpoenas to Capital One.[4]

DATED: June 2, 2023

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[4] Defendants further argue the information sought is relevant to whether Vyanet purportedly fell out of compliance with its lender because of MAC's books and records, and it is also relevant to Vyanet's motives in filing this lawsuit. But these arguments are woefully underdeveloped. Further, as to the latter, Vyanet's motives for bringing this lawsuit are not relevant to any asserted claims or defenses. As to the former, no party has indicated that Vyanet claims falling out of compliance with its lender as a category of damages it seeks in this case.