IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-02085-CMA-SKC

VYANET OPERATING GROUP, INC.,

    Plaintiff,

v.

FREDERICK J. MAURICE, and
CHRISTOPHER A. HEATH,

    Defendants.

## ORDER OVERRULING OBJECTION TO ORDER BY MAGISTRATE JUDGE

This matter is before the Court on Defendants Frederick J. Maurice and Christopher A. Heath's Objection (Doc. # 117) to an Order issued by Magistrate Judge S. Kato Crews (Doc. # 116), wherein he granted Plaintiff Vyanet Operating Group, Inc.'s ("Vyanet") construed motion to quash subpoenas. For the following reasons, the Court overrules Defendants' Objection and affirms Magistrate Judge Crews's Order. The Order (Doc. # 116) is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### I.    BACKGROUND

The Court provided a detailed recitation of the factual and procedural background of this case in its February 1, 2023 Order regarding the parties' cross-motions for

summary judgment. (Doc. # 100.) The Court incorporates that recitation by reference and recounts only the facts necessary to address Defendants' Objection.

In short, this lawsuit arises from Vyanet's acquisition of Mountain Acquisition Company, LLC ("MAC") from Defendants. Vyanet asserts claims for breach of contract, false representation, fraudulent nondisclosure or concealment, and unjust enrichment arising from allegations that Defendants failed to disclose that a significant number of MAC's accounts were cancelled or otherwise affected by the Camp Fire. The parties dispute several aspects of the transaction, including whether Defendants adequately updated MAC's books and records to reflect these accounts and whether Vyanet had knowledge of the Camp Fire prior to closing.

The instant Objection relates to a discovery dispute that arose between the parties with respect to two subpoenas issued by Defendants to non-party Capital One, Vyanet's lender in the acquisition for MAC. On June 28, 2022, the parties filed a status report briefing the discovery dispute pursuant to Judge Crews's Civil Practice Standards. (Doc. # 61.) On June 2, 2023, Judge Crews issued an Order in which he construed the discovery dispute as a Motion to Quash by Vyanet, granted that motion, and quashed the Capital One subpoenas. (Doc. # 116.) Defendants timely filed an Objection to that Order (Doc. # 117), and Vyanet filed a Response (Doc. # 118).

## II.     LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court may modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court must affirm

a Magistrate Judge's decision unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West. Comms., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

### III. DISCUSSION

Defendants object that Judge Crews (1) improperly ordered the subpoenas to be quashed on the bases of relevance and proportionality; and (2) relied on findings that misapply the relevance and proportionality standards to the information requested. (Doc. # 117 at 1–2.) For these reasons, Defendants contend that Judge Crews's Order is clearly erroneous and contrary to applicable law.

The scope of discovery under a subpoena is the same as the scope of discovery under Federal Rule of Civil Procedure 26(b), which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("[T]he scope of discovery under the federal rules is broad."). In considering whether the discovery is proportional to the needs of the case, Rule 26(b)(1) instructs courts to analyze "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 45(d)(3) provides that the court for the district where compliance with a subpoena is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(b)(3)(A). In this district, a party has no standing to attempt to quash a subpoena served on a third party except as to claims of privilege or upon a showing that a privacy interest is implicated. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum."). Thus, objections unrelated to a claim of privilege or privacy interest are not proper bases upon which a party may quash a subpoena. *See id.*; *Church v. Dana Kepner Co., Inc.*, No. 11-cv-02632-CMA-MEH, 2013 WL 24437, at *3 (D. Colo. Jan. 2, 2013) ("[W]hile the Plaintiffs have standing to move to quash the challenged subpoenas, they may do so only by challenging the disclosure of privileged or private information pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii).").

The Court has carefully reviewed Judge Crews's Order and finds that the Order is not clearly erroneous or contrary to law. Judge Crews correctly cited the standard for quashing a subpoena to a third party; determined that Vyanet has a privacy interest in its private financial information implicated by the Capital One subpoenas and therefore has standing to seek to quash the subpoenas; and found that "Vyanet's privacy

interests outweigh Defendants' claimed need for the information." (Doc. # 116 at 5–6.) As such, he concluded that the subpoenas must be quashed. This analysis is consistent with the applicable legal standards in this district for quashing subpoenas served to a third party. *See Windsor*, 175 F.R.D. at 668 (stating that a party "may move to quash a subpoena upon a showing that there is a privacy interest applicable").

Defendants argue that Judge Crews's rationale for quashing the Capital One subpoenas "relies exclusively on relevance and proportionality grounds," which "are improper bases for quashing a third party subpoena." (Doc. # 117 at 4.) The Court disagrees. Although Judge Crews discussed relevance and proportionality in his analysis weighing Vyanet's privacy interests with the purported need for the information, it is clear from the Order that Judge Crews did not rely "exclusively" on relevance and proportionality in determining that the subpoenas should be quashed. Rather, Judge Crews explicitly found that Vyanet has a privacy interest implicated by the confidential financial information sought by the subpoenas and that Vyanet's privacy interest outweighs Defendants' claimed need for the information. (Doc. # 116 at 5–6.)

Although Defendants argue that Judge Crews improperly considered relevance and proportionality, the Court is not left with "a "definite and firm conviction" that Judge Crews made a mistake by including relevance and proportionality in his analysis balancing Vyanet's privacy interest. *Ariza*, 167 F.R.D. at 133. Rather, as noted by Judge Crews, "[w]hen a privacy interest is involved, courts typically weigh one party's right to discovery against the other party's privacy interests." (Doc. # 116 at 4); *see, e.g.*, *Pappas v. Frank Azar & Assocs., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL 1549037,

at *4 (D. Colo. May 25, 2007) (suggesting the magistrate judge properly balanced defendant's privacy interests with plaintiff's need for the information). In light of this authority, the Court finds no clear error in Judge Crews's discussion of relevance. *See Clay v. Lambert*, No. 17-cv-00085-PAB-MEH, 2017 WL 4755152, at *2 (D. Colo. Oct. 20, 2017) (applying the privacy test articulated by the Colorado Supreme Court, which includes considering relevance, to a challenge to a third party subpoena); *E.E.O.C. v. Original Honeybaked Ham Co. of Ga., Inc.*, No. 11-cv-02560-MSK-MEH, 2012 WL 934312, at *3 (D. Colo. Mar. 19, 2012) (analyzing the relevance of the needed discovery in considering a challenge to third party subpoenas requesting private information).

Next, Defendants object that despite the relevance analysis being improper, Judge Crews also erred in his substantive analysis of relevance. Specifically, Defendants argue that Judge Crews erred by finding that the "broad swath of information sought by the subpoenas has only marginal relevance, if any, to the claims or defenses." (Doc. # 117 at 7.) In his Order, Judge Crews observed that Vyanet's breach of contract, false representation, and fraudulent nondisclosure or concealment claims stem from allegations that Defendants (1) failed to disclose various information, (2) provided some information in useless format(s), and (3) falsely represented the accuracy of other information provided. (Doc. # 116 at 6.) He reasoned that any information that could be obtained from Capital One would have only "marginal relevance" because Vyanet's representations to its lender regarding the acquisition are not at issue in this case. (*Id.*) Stated differently, "Vyanet's claims for relief concern Defendants' acts and omissions vis- à-vis Vyanet, not Vyanet's acts and omissions vis-

6

à-vis its lender." (*Id.*) Judge Crews further determined that the information lacks relevance as to Vyanet's due diligence because the focus should be on Vyanet's discharge of its due diligence obligations under its Agreement with Defendants, not on the discharge of its obligations under its lending arrangement with Capital One. The Court agrees and finds that Judge Crews's conclusion that the requested discovery has only marginal relevance is not clearly erroneous.

In sum, Defendants have not established that Judge Crews's Order is clearly erroneous or contrary to law. Significantly, Defendants do not dispute that Vyanet has a privacy interest in the information sought by the Capital One subpoenas (Doc. # 61 at 17), and Defendants point to no authority showing that Judge Crews erred by balancing Vyanet's privacy interest against Defendants' claimed need for the information. To the extent that Defendants seek to relitigate the issue of relevance, the Court notes that Defendants raised the same arguments before Judge Crews, who adequately considered those arguments and ultimately found them unpersuasive. The Court gives significant deference to Judge Crews and will not disturb his conclusions simply because Defendants desire a different result. *See Abdulmutallab v. Sessions*, No. 17-cr-02493-RM-KMT, 2018 WL 3348877, at *2 (D. Colo. July 9, 2018) ("Giving significant deference to the Magistrate Judge, the Court cannot say that her finding is clearly erroneous.").

Having reviewed the relevant documents and applicable law, the Court is satisfied that Judge Crews's Order is not clearly erroneous or contrary to law.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Objection to Magistrate Judge Order Re: Capital One Subpoenas (Doc. # 117) is OVERRULED.

DATED: July 7, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge