IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-02085-CMA-JPO

VYANET OPERATING GROUP, INC., AN OREGON CORPORATION,

    Plaintiff,

v.

FREDERICK J. MAURICE AND CHRISTOPHER A. HEATH,

    Defendants.

# FINAL PRETRIAL ORDER

## 1. DATE AND APPEARANCES

The Final Pretrial conference is scheduled for Friday, February 16, 2024, at 9:00 a.m. as a telephonic hearing before Magistrate Judge James P. O'Hara.

| Counsel for Plaintiff Vyanet Operating Group, Inc. | Counsel for Defendants Frederick J. Maurice and Christopher A. Heath |
|---|---|
| Ryan L. Winter<br>Jared R. Ellis<br>Joshua M. Raaz<br>HALL & EVANS, LLC<br>1001 17th Street, Suite 300<br>Denver, Colorado 80202<br>Telephone: (303) 628-3300<br>E-mail(s):   winterr@hallevans.com<br>    ellisj@hallevans.com<br>    raazj@hallevans.com | Perry L. Glantz<br>Judith S. Araujo<br>STINSON LLP<br>1144 Fifteenth Street, Suite 2400<br>Denver, Colorado 80202<br>Telephone: 303.376.8410<br>E-mail(s): perry.glantz@stinson.com<br>    judith.araujo@stinson.com |

1

## 2. JURISDICTION

Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## 3. CLAIMS AND DEFENSES

### a) <u>Plaintiff:</u>

This case arises out of Vyanet Operating Group Inc.'s ("Vyanet") purchase of LLC membership interests in Mountain Acquisition Company, LLC ("MAC") from Defendants Frederick J. Maurice and Christopher A. Heath ("Defendants"). Vyanet claims Defendants breached numerous warranties and concealed numerous material facts inducing Vyanet to agree to the purchase of MAC. Vyanet brings claims for breach of contract and an "in the alternative" claim for unjust enrichment based upon Defendants' failure to abide by warranties, including warranties stating that there had been no Material Adverse Changes or Events, that MAC had disclosed a complete list of liabilities and contracts to which it was a party, and was not in default on any of those contracts, that the account list MAC provided contained a complete list of accounts to which MAC had good and marketable title and for which no written notice of cancellation had been received, and that MAC had not conveyed any options. Vyanet also brings a claim for false representation, because Defendants falsely represented that no Material Adverse Change or Events had occurred, that they had disclosed a complete list of contracts and were not in default on any of the contracts subject to disclosure, that they had provided a list of accounts for which MAC held good and marketable title and had not received notices of cancellation, and that the accounts on that list were "Active Customer Type" and Active recurring." Vyanet brings a claim for fraudulent

concealment based on Defendants' failure to disclose that the Camp Fire had resulted in inactivation of 236 accounts and was expected to result in $5,000 to $9,000 in RMR loss.

b) **Defendants**:

Plaintiff and Defendants entered into the LLC Membership Purchase Agreement (the "Agreement"), whereby Defendants sold their respective interests in MAC, a security alarm company, to Plaintiff. Section 1 of the Agreement controls the Final Purchase Price Vyanet was to pay Defendants for the purchase. Vyanet had a contractual obligation to prepare a Final Purchase Price Statement within 120 days of Closing and chose not to do so. After the Closing Date, Vyanet had unilateral control of ALL of the MAC books and records and hired the key employees from MAC with intimate knowledge and familiarity of MAC's books and records. Further, any dispute concerning the Final Purchase Price was subject to a mandatory dispute resolution procedure that Vyanet did not follow. Accordingly, due to Vyanet's material breaches of the Agreement, it cannot now attempt to adjust the Final Purchase Price by ignoring these specific provisions of the Agreement and first seeking a purchase price adjustment over one year after the agreed-upon deadline.

Vyanet's fraud claims are based exclusively upon an alleged breach of the Agreement and are not attended by independent fraudulent misconduct. The alleged misrepresentation occurred almost a full year AFTER Vyanet entered the Agreement. Accordingly, Colorado's economic loss rule bars Vyanet's claims under the legal analysis set forth in *In re Bloom* No. 22-1005, 2022 WL 2679049 (10th Cir. July 12, 2022).

Moreover, the fraud claims fail because Vyanet has no evidence to support the

requisite elements of those claims. Vyanet bases its fraud claims exclusively on the email Bud Jones sent to Defendants on November 13, 2018 concerning the Camp Fire. However, that email did not contain any factual information that could form the basis of a fraud claim. Further, Tracy Jones of Vyanet admitted that he was aware of the Camp Fire at that time and just did not pay any attention to it. "It is long-settled law that if a party claiming fraud has access to information that was equally available to both parties and would have led to the true facts, that party has no right to rely on a false representation. *See M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380, 1382 (Colo.1994); *Cherrington v. Woods,* 132 Colo. 500, 290 P.2d 226 (1955).

Defendants' Affirmative Defenses are as follows: (1) Plaintiff's claims are barred for failure to state a claim on which relief can be granted; (2) Plaintiff's claims are barred by waiver, acquiescence, or estoppel; (3) Plaintiff's claims are barred by unjust enrichment; (4) Plaintiff's claims are barred by satisfaction; (5) Plaintiff's claims are barred by unclean hands; (6) Plaintiff's contract claims are barred for failure to mitigate damages; and (7) Plaintiff's fraud claims are barred by the economic loss rule.

## 4. STIPULATIONS

The parties have the following stipulations:

1. Vyanet is a corporation licensed to do business in the State of Oregon.
2. Mr. Maurice is a resident of the State of Indiana.
3. Mr. Heath is a resident of the State of Indiana.
4. MAC is a Colorado Limited Liability Company in the business of providing monitoring services and maintaining security system devices, such as burglar and fire alarms.

5. Vyanet entered into agreements to acquire 100% of the membership interest in MAC.

6. On November 27, 2017, Vyanet entered into an LLC Membership Purchase Agreement to acquire the membership interests of Mr. Maurice and Mr. Heath.

7. On February 1, 2019, Vyanet and Defendants closed on the transaction.

8. On February 1, 2019, Vyanet, MAC and Defendants agreed to a First Addendum to LLC Membership Purchase Agreement.

9. On February 4, 2019, Vyanet, MAC and Defendants agreed to a Second Addendum to LLC Membership Purchase Agreement.

### 5. PENDING MOTIONS

None.

### 6. WITNESSES

**Plaintiff's Witnesses:**

**Plaintiff's Witnesses who will be called at trial:**

1. Tracy Jones ("Mr. Jones") (to be contacted exclusively through undersigned counsel for Plaintiff).
   a. Mr. Jones is Chief Executive Officer ("CEO") for Vyanet Operating Group, Inc. and was extensively involved in negotiations with Defendants.
   b. Mr. Jones is expected to testify in person.

2. Byron Warner ("Mr. Warner") (to be contacted exclusively through undersigned counsel for Plaintiff).
   a. Mr. Warner is Chief Financial Officer ("CFO") for Vyanet Operating Group, Inc. and was extensively involved in negotiations with

5

   Defendants.

  b. Mr. Warner is expected to testify in person.

3. Ryan Matkin ("Mr. Matkin")
   Benchmark Performance Partners, LLC
   705 Boston Post Road,
   Suite #2
   Guilford, Connecticut 06437

   a. Mr. Matkin is a partner at Benchmark who was engaged by Vyanet Operating Group, Inc. to perform certain due diligence analysis pertaining to Vyanet's acquisition of Mountain Acquisition Company, LLC ("MAC").

   b. Mr. Matkin is expected to testify in person.

**Plaintiff's Witnesses who may be called at trial:**

1. Defendant Frederick J. Maurice ("Mr. Maurice") (to be contacted exclusively through undersigned counsel for Defendants).

   a. Mr. Maurice is expected to testify in person.

2. Defendant Christopher A. Heath ("Mr. Heath") (to be contacted exclusively through undersigned counsel for Defendants).

   a. Mr. Heath is expected to testify in person.

3. Robert Jones ("Mr. Bud Jones")
   7018 Lamar Drive,
   Parker, Colorado 80134

   a. Mr. Bud Jones a key former MAC employee hired by Vyanet after the Closing Date.

   b. Mr. Bud Jones is expected to testify in person.

4. Casey Brown ("Mr. Brown")
   44 South 1520 West,
   Pleasant Grove, Utah 84062

    a. Mr. Brown is a key former MAC employee hired by Vyanet after the Closing Date.

    b. Mr. Brown is expected to testify in person.

5. Tim Stanley ("Mr. Stanley")
   2620 S. Copper Frontage,
   Unit 6A,
   Steamboat Springs, CO. 80487

   a. Mr. Stanley is a key former MAC employee who was involved in the purchase of MAC by Vyanet and was subsequently promised by the Defendants to be able to purchase Western Security, LLC as part of that purchase.

   b. If called as a witness, Mr. Stanley may testify in person or remotely.

6. Mike Carpenter ("Mr. Carpenter")
   3335 Placer St.,
   Ste. 147,
   Redding, California 96001

   a. Mr. Carpenter is the Chief Executive Officer of Precision Alarm Systems, Inc. and informed Plaintiff of a fire while Precision was conducting business with Plaintiff.

   b. If called as a witness, Mr. Carpenter may testify in person or remotely.

**Plaintiff's Expert Witnesses who may be called at trial:**

1. Tracy Jones ("Mr. Jones") (to be contacted exclusively through undersigned counsel for Plaintiff).

   a. Mr. Jones is Chief Executive Officer ("CEO") for Vyanet Operating Group, Inc. and was extensively involved in negotiations with Defendants.

    b. Mr. Jones is expected to testify in person.

2. Byron Warner ("Mr. Warner") (to be contacted exclusively through undersigned counsel for Plaintiff).

    a. Mr. Warner is Chief Financial Officer ("CFO") for Vyanet Operating Group, Inc. and was extensively involved in negotiations with Defendants.

    b. Mr. Warner is expected to testify in person.

3. Ryan Matkin ("Mr. Matkin")
Benchmark Performance Partners, LLC
705 Boston Post Road,
Suite #2
Guilford, Connecticut 06437

    a. Mr. Matkin is a partner at Benchmark who was engaged by Vyanet Operating Group, Inc. to perform certain due diligence analysis pertaining to Vyanet's acquisition of Mountain Acquisition Company, LLC ("MAC").

    b. Mr. Matkin is expected to testify in person.

**Defendants' Witnesses:**

    **Witnesses Defendants will call at trial:**

1. Defendant Frederick J. Maurice ("Mr. Maurice") (to be contacted exclusively through undersigned counsel for Defendants)

    a. Mr. Maurice is expected to testify in person.

2. Defendant Christopher A. Heath ("Mr. Heath") (to be contacted exclusively through undersigned counsel for Defendants)

    a. Mr. Heath is expected to testify in person.

3. Robert Jones ("Mr. Bud Jones")
   7018 Lamar Drive,
   Parker, Colorado 80134

   a. Mr. Bud Jones a key former MAC employee hired by Vyanet after the Closing Date.

   b. Mr. Bud Jones is expected to testify in person.

**Witnesses Defendants may call at trial:**

1. Nava Caldwell ("Ms. Caldwell")
   10909 Clifford Court
   Parker, CO 80134
   970.987.2003

   a. Ms. Caldwell is a key former MAC employee hired by Vyanet after the Closing Date.

   b. Ms. Caldwell is expected to testify in person.

2. Tracy Jones ("Mr. Tracy Jones") (to be contacted exclusively through undersigned counsel for Plaintiff)

   a. Mr. Jones is the Chief Executive Officer ("CEO") for Vyanet Operating Group, Inc.

   b. It is currently unknown to the Defendants if Mr. Tracy Jones will be expected to testify in person or by deposition.

3. Byron Warner ("Mr. Warner") (to be contacted exclusively through undersigned counsel for Plaintiff)

   a. Mr. Warner is the Chief Financial Officer ("CFO") for Vyanet Operating Group, Inc.

   b. It is currently unknown to the Defendants if Mr. Warner will be expected to testify in person or by deposition.

4. Tammy Jones (to be contacted exclusively through undersigned counsel for Plaintiff)

   a. Ms. Jones is Chief Operating Officer ("COO") for Vyanet Operating Group, Inc.

   b. It is currently unknown to the Defendants if Ms. Jones will be expected to testify in person or by deposition.

5. Casey Brown ("Mr. Brown")
   44 South 1520 West,
   Pleasant Grove, Utah 84062

   a. Mr. Brown is a key former MAC employee hired by Vyanet after the Closing Date.

   b. It is currently unknown to the Defendants if Mr. Brown will be expected to testify in person or by deposition.

6. All witnesses necessary for impeachment or rebuttal.

7. All witnesses necessary to authenticate or lay the foundation for the admissibility of any evidence.

8. All witnesses listed or called by Plaintiff in this matter.

**Expert Witnesses Defendants will call at trial:**

1. Marc Katz ("Mr. Katz") (to be contacted exclusively through undersigned counsel for Defendants)

   c. Mr. Katz is expected to offer opinions and bases therefore that he expresses in his disclosed Expert Report.

   d. Mr. Katz is expected to testify in person.

2. Mike Daven ("Mr. Daven") (to be contacted exclusively through undersigned

counsel for Defendants)

    e. Mr. Daven is expected to offer opinions and bases therefore that he expresses in his disclosed Expert Report.

    f. Mr. Daven is expected to testify in person.

**Expert Witnesses Defendants may call at trial:**

1. Non-Retained Expert Frederick J. Maurice ("Mr. Maurice") (to be contacted exclusively through undersigned counsel for Defendants)

    a. Mr. Maurice is expected to offer facts and opinions as set forth in his disclosed Report.

    b. Mr. Maurice is expected to testify in person.

2. Non-Retained Expert Christopher A. Heath ("Mr. Heath") (to be contacted exclusively through undersigned counsel for Defendants)

    a. Mr. Heath is expected to offer facts and opinions as set forth in his disclosed Report.

    b. Mr. Heath is expected to testify in person.

3. Ryan Matkin ("Mr. Matkin")
   Benchmark Performance Partners, LLC
   705 Boston Post Road,
   Suite #2
   Guilford, Connecticut 06437

    a. Mr. Matkin is expected to offer facts and opinions regarding his due diligence analysis and other analysis of MAC's books and records as disclosed in his reports.

    b. Mr. Matkin is expected to testify in person.

## 7.  EXHIBITS

**<u>Plaintiff's Exhibits:</u>**  *See* Attached **Exhibit A**

**<u>Defendants' Exhibits:</u>**  *See* Attached **Exhibit B**

The Parties upon conferral and agreement may update, amend, supplement, modify and reach further stipulations regarding their exhibit lists as allowable by the Federal Rules of Civil Procedure or as may be permitted by the Court.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

At least fourteen (14) days prior to the Final Trial Preparation Conference, in compliance with CMA Civ. Practice Standard 43.1B(a), the Parties, shall meet and confer to prepare a single, joint list of exhibits that they expect to offer. At which time, the parties must be prepared stipulate to the authenticity and admissibility of as many exhibits as possible, marking the appropriate boxes on the Exhibit List form. All exhibits that will be used or identified for the record in trial shall be pre-marked numerically; the markings should also include the applicable case number (1:21-cv-02085-CMA-SKC).

The Parties will submit the Joint Exhibit List via email to Chambers at least seven (7) days before the Final Trial Preparation Conference pursuant to CMA Civ. Practice Standard 43.1B(c)(2).

## 8.  DISCOVERY

Discovery is closed.

## 9.  SPECIAL ISSUES

None.

## 10. SETTLEMENT

a.  The parties have engaged in informal settlement discussions which have not been successful.

b.  Plaintiff is open to future settlement discussions.  Defendants are open to considering good faith settlement discussions.

c.  Chances of settlement are currently unknown.

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to **prevent manifest injustice**.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.  The trial is to a jury,

2.  It is estimated that the trial will last 5 days,

3.  Situs of trial:  The trial shall be held in Courtroom C201, the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado

4. Any other orders pertinent thereto: none.

DATED this ___ day of _____, 20__.

BY THE COURT

_____
James P. O'Hara
United States Magistrate Judge

APPROVED:

| HALL & EVANS, LLC | STINSON LLP |
|---|---|
| /s/ Joshua M. Raaz | /s/ Judith S. Araujo |
| Ryan L. Winter | Perry L. Glantz |
| Jared R. Ellis | Judith S. Araujo |
| Joshua Raaz | **STINSON LLP** |
| **HALL & EVANS, LLC** | 1144 Fifteenth Street, Suite 2400 |
| 1001 17th Street, Suite 300 | Denver, Colorado 80202 |
| Denver, Colorado 80202 | Telephone: 303.376.8410 |
| Telephone: 303.628.3300 | Fax: 303.578.7967 |
| E-mail(s): winterr@hallevans.com | Email(s): perry.glantz@stinson.com |
| ellisj@hallevans.com | judith.araujo@stinson.com |
| raazj@hallevans.com | |
| *Attorneys for Plaintiff Vyanet Operating Group, Inc.* | *Attorneys for Defendants Frederick J. Maurice and Christopher A. Heath* |